IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:20-cr-20 |
| LAWRENCE FRANKLIN, | |
| Defendant. | |

**O R D E R**

Before the Court is Defendant Lawrence Franklin's motion for a sentence reduction due to "substantial cooperation" with the Government. (Doc. 99.)[1]

Federal Rule of Criminal Procedure 35(b) "gives to the government the sole discretion over whether to file a motion for substantial assistance, and both [the Eleventh Circuit] and the Supreme Court 'long have recognized' that this discretion is 'vast.'" United States v. Mancera-Patino, 401 F. App'x 487, 490 (11th Cir. 2010) (quoting United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008)). "As a result, 'federal district courts may review the government's refusal to file a substantial-assistance motion only if the defendant first makes a "substantial threshold showing" that the refusal was based upon an unconstitutional motive, such as the defendant's race or religion.'" Id. (quoting McNeese, 547 F.3d at 1308 (quoting Wade v. United States, 504 U.S. 181, 185-86 (1992))). The Eleventh Circuit has "declined to extend the scope of the district court's inquiry to include arguments that the government acted 'in bad faith' in refusing to file a substantial assistance motion." Id. (citations omitted).

---

[1] The case caption of Defendant's motion lists 3 different criminal cases, CR420-020, CR420-085, CR420-087; and the Clerk's Office filed the motion in each of the cases on January 29, 2024. On April 15, 2024, criminal case numbers 4:20-cr-20 and 4:20-cr-87 were reassigned to the undersigned. The Clerk of Court is DIRECTED to file this Order in the present case and also in case number 4:20-cr-87.

Here, Defendant has made no showing, much less a "substantial threshold showing," that the Government's failure to file a Rule 35(b) motion was based upon an unconstitutional motive. <u>See</u> Doc. 99. Accordingly, his motion for a sentence reduction based on substantial assistance is **DISMISSED**. <u>See</u> <u>Mancera-Patino</u>, 401 F. App'x at 490 (holding that the district court did not err in dismissing defendant's motion to compel a sentence reduction based on substantial assistance because, in part, "he did not allege that the government's failure to file a Rule 35(b) motion was based on a constitutionally impermissible motive").

**SO ORDERED**, this 30th day of May, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA